IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SEDILLO GUTIERREZ,

        Movant/Defendant,

v.                                                        No. CIV 08-711 RB/LFG
                                                                        No. CR  05-217 RB

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Movant/Defendant Robert Sedillo Gutierrez's ("Sedillo Gutierrez") "Motion for Relief from Judgment Filed Pursuant to Federal Rules of Civil Procedure Rule 60," filed June 25, 2012. [Doc. 73.] Respondent/Plaintiff United States ("United States") filed a response on July 27, 2012. [Doc. 80.] On August 10, 2012, Sedillo Gutierrez filed a reply.[1] [Doc. 81.]

Sedillo Gutierrez's Rule 60 motion asks the Court for "(1) vacature of the final order denying Movant's 2255 [sic], (2) re-opening of the evidentiary proceedings, and (3) resolution by the court [of a number os issues concerning claims raised in the 2255 motion]." [Doc. 73, at 22-23.] The United States contends that Sedillo Gutierrez's "Rule 60(b)(6) motion cannot be used to circumvent restrictions imposed on successive Section 2255 motions," and that, therefore, this Court lacks jurisdiction over the Rule 60 motion. [Doc. 80.]

---

[1] Although Gutierrez characterizes this pleading as a "Motion to Strike and Motion for Summary Judgment," the Court construes it to be a reply in support of his Rule 60-styled motion. The pleading was filed by Gutierrez's deadline for his reply and in it, he responds to the government's response [Doc. 80]. Moreover, a plaintiff's *pro se* characterization of claims is not dispositive. Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 436-37 (10th Cir. 1992).

For the reasons discussed below, the Court determines that Sedillo Gutierrez's Rule 60(b) motion constitutes an improper successive § 2255 motion, and that the Court lacks jurisdiction to decide the motion.

**Background**

On February 3, 2005, a federal grand jury returned an indictment against Sedillo Gutierrez. [Doc. 10, 05cr217.] The indictment charged Sedillo Gutierrez with possession with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841. [Id.]

A first trial began on August 15, 2005, and on August 23, 2005, the District Court declared a mistrial. [Docs. 68, 72.] After a second trial, that began on March 27, 2006, a jury returned a verdict of guilty as charged. [Docs. 110, 114.] On August 7, 2006, the District Court sentenced Sedillo Gutierrez to 360 months in prison. [Docs. 116, 117.]

On August 7, 2006, Sedillo Gutierrez filed a notice of appeal. Subsequently, the parties submitted briefs, and the Tenth Circuit Court of Appeals heard oral argument. On March 3, 2008, the Tenth Circuit issued an opinion affirming the judgment and dismissing the appeal. [Doc. 123.] United States v. Sedillo-Gutierrez, 263 F. App'x 659 (10th Cir. Jan. 31, 2008), *cert. denied*, 553 U.S. 1087 (May 9, 2008). [Docs. 124, 127.]

On July 30, 2008, Sedillo Gutierrez filed a § 2255 motion to vacate his conviction and sentence. [Doc. 1, 08cv711.] In the motion, Sedillo Gutierrez set forth ineffective assistance of counsel claims with respect to different attorneys' representation prior to trial, during trial, at sentencing, and on appeal. The Magistrate Judge appointed counsel for Sedillo Gutierrez and held an evidentiary hearing on June 22, 2011. Prior to the evidentiary hearing, Sedillo Gutierrez withdrew ineffective assistance of counsel claims against one attorney. [*See* Doc. 54] (summarizing claims and procedural history).

On June 29, 2011, the Magistrate Judge entered proposed findings and conclusions, recommending that Sedillo Gutierrez's § 2255 motion be denied and dismissed. [Doc. 54.] Sedillo Gutierrez filed objections requesting, in part, that the District Judge conduct another evidentiary hearing so that the presiding judge could make his own credibility findings as to the witnesses who testified before the Magistrate Judge. [Doc. 59.] The District Judge overruled the objections, adopted the Magistrate Judge's recommendations, and dismissed the case, with prejudice. [Doc. 61.]

On August 4, 2011, Sedillo Gutierrez filed a Notice of Appeal. [Doc. 64.] On January 31, 2012, the Tenth Circuit denied Sedillo Gutierrez's application for certificate of appealability and dismissed the appeal. [AR 71.] United States v. Gutierrez, 458 F.App'x 748 (10th Cir. Jan. 31, 2012).

## Analysis

### I.     **Pertinent Legal Standard**

The question before the Court is whether Sedillo Gutierrez's Rule 60(b) motion is properly before the Court or whether it is characterized as a second or successive § 2255 motion, over which the Court lacks jurisdiction.  The government relies on Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998) for the proposition that post-judgment Rule 60(b) motions filed in a habeas proceeding are treated as a second or successive motion for which the movant must obtain prior authorization to file from the circuit court. [Doc. 80, at 2] (*citing* "28 U.S.C. §§ 2244(b)(3)(A); 2255").[2]  The United

---

[2]While the Court agrees with the government's position, it notes that the government relied on a case, Lopez v. Douglas, that was subsequently overruled by Gonzalez v. Crosby.  Care should be taken to check all case citations to ensure current validity.

States contends that because Sedillo Gutierrez did not obtain authorization to file the Rule 60(b) motion, the Court lacks jurisdiction to decide the motion.[3]

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the United States Supreme Court overruled the Tenth Circuit's holding in Lopez "that all Rule 60(b) motions in habeas proceedings must be treated as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b)." Clemmons v. Davies, 198 F. App'x 763, 764-65 (10th Cir. Oct. 12, 2006) (*citing* Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)). The Circuit instructed that "we now must distinguish between Rule 60(b) motions that are 'true' Rule 60(b) motions and second or successive habeas petitions that merely masquerade as Rule 60(b) motions." Id. As noted by the Tenth Circuit:

> It is not unusual for defendants who have failed to obtain relief in federal habeas proceedings to attempt to bring new habeas claims in the guise of Rule 60(b) motions. Guided by the Supreme Court's decision in Gonzalez v. Crosby . . ., we have explained how to distinguish a true Rule 60(b) motion from a new (that is, a second-or-successive) § 2255 claim.

In re Pickard, 681 F.3d 1201, 1204 (10th Cir. 2012).

The Tenth Circuit explained that "[u]nder Gonzales, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas, 464 F.3d at 1215. More recently, the Tenth Circuit instructed that a "Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." In re Pickard, 681 F.3d at 1206. In addition, a pleading that asserts a "new ground for relief" is advancing a new claim and is treated as a successive petition. Id., at 1204-05

---

[3] In his reply [Doc. 81], Sedillo Gutierrez argues that the Court must grant "summary judgment" in his favor because of the government's misplaced reliance on Lopez v. Douglas. The Court rejects that position and sets out its reasoning above as to why it lacks jurisdiction to decide the Rule 60-styled motion.

(internal citations omitted). If a prisoner's pleading must be treated as a second or successive § 2255, the court does not have jurisdiction to consider or even deny the relief sought by the pleading. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

In contrast, a 60(b) argument is not treated as a second or successive habeas claim, "if it challenges a defect in the integrity of the federal habeas proceeding," provided "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Spitznas, 464 F.3d at 1216. Stated differently, a true Rule 60(b) pleading could seek to correct an error in the previously conduct habeas proceeding. Nelson, 465 F.3d at 1147. The Tenth Circuit further explained that "[t]he movant in a true Rule 60(b) motion is simply asserting that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings." In re Pickard, 681 F.3d at 1206. For example, if a district court fails to address a habeas claim, this might support a true Rule 60(b) argument because "[t]he defect lies not in the district court's resolution of the merits of the . . . claim (since it never reached the merits), but in its failure to make any ruling on a claim that was properly presented." Spitznas, 464 F.3d at 1225.

## II. Discussion

Here, Sedillo Gutierrez's Rule 60(b)-styled motion [Docs. 72, 73, 74] claims that: (1) he did not knowingly, intelligently, or voluntarily withdraw or waive certain claims of ineffective assistance of counsel, as found by the Court during the § 2255 proceedings; (2) newly discovered evidence in the form of a witness's statement establishes ineffective assistance of counsel as to one of his attorneys; and (3) the District Court did not address all of the claims raised in the § 2255 motion. [Doc. 73, at 1-2.]

### A. *Withdrawal of Ineffective Assistance of Counsel Claim in § 2255 Proceeding*

In his § 2255 petition [Doc. 1], Sedillo Gutierrez raised claims of ineffective assistance of counsel against attorneys Brian Pori ("Pori") and Kenneth Del Valle ("Del Valle"). [Doc. 54, at 18.] Sedillo Gutierrez retained Pori as his attorney for the first trial that ended in a mistrial. [Doc. 54, at 7-10.] Del Valle was appointed to represent Sedillo Gutierrez at the second trial. He also represented Sedillo Gutierrez at sentencing and on appeal. [Doc. 54, at 10-17.]

Attorney D. Eric Hannum was appointed to represent Sedillo Gutierrez for the evidentiary hearing held in the § 2255 proceeding. [Doc. 54, at 19.] Magistrate Judge Lorenzo F. Garcia noted that during a pre-hearing conference before Magistrate Judge Robert H. Scott,[4] Sedillo Gutierrez withdrew his claims of ineffective assistance counsel against Pori. [Id.] At the June 22, 2011 evidentiary hearing, Hannum confirmed the withdrawal or waiver of Sedillo Gutierrez's claims against Pori. [Doc. 53 (minutes), at 1.] The Magistrate Judge accordingly found that all ineffective assistance of counsel claims against Pori were waived and were "no longer issues for consideration by the Court . . . ." [Doc. 54, at 19.]

Sedillo Gutierrez argues in the Rule 60(b) pleading that Attorney Hannum encouraged him to withdraw all § 2255 claims against Pori because of Pori's excellent job of representing Sedillo Gutierrez at the first trial and the successful result of a mistrial. Sedillo Gutierrez further contends that Hannum told him there was no way Sedillo Gutierrez could succeed on any ineffective claims against Pori. [Doc. 73, at 2-3.] Based on Hannum's representations, Sedillo Gutierrez admits he agreed to sign a written waiver "(prepared in advance by Hannum)" that

---

[4]This habeas proceeding was initially assigned to Judge Scott, but the case was later transferred to Magistrate Judge Lorenzo F. Garcia, who conducted the evidentiary hearing due to a scheduling conflict.

6

effectively withdrew or waived all ineffective assistance of counsel claims advanced against Pori. [Doc. 73, at 3.]

Sedillo Gutierrez further concedes that at an August 31, 2010 hearing, Hannum informed Judge Scott that Sedillo Gutierrez agreed to withdraw the claims against Pori. [Id.] Sedillo Gutierrez provided an affidavit, along with the Rule 60(b) pleading confirming that he had signed a form withdrawing all claims raised in the § 2255 petition against Attorney Pori. [Doc. 73, Ex. B.] The signed form of withdrawal of claims, to which Sedillo Gutierrez refers, apparently was never filed of record. However, the withdrawal of claims was verbally confirmed by Magistrate Judge Garcia during the evidentiary hearing, and Sedillo Gutierrez, who was present and testified, did not object then nor in subsequent written objections to the withdrawal of claims against Pori.

Sedillo Gutierrez now argues that he never would have agreed to withdraw his claims against Pori if not for Hannum's "misleading" representations to him. [Doc. 73, at 7; Ex. B.] Sedillo Gutierrez contends that his waiver of claims against Pori was invalid, and that he did not "knowingly, intelligently, and/or voluntarily" withdraw the claims. [Doc. 73, at 7.]

Sedillo Gutierrez makes an effort to at least argue summarily that this claim presents a true Rule 60 request for relief. For example, he states generally that this claim is not a "new claim," but that it demonstrates a "deficiency in the integrity of the 2255 proceedings that warrants Rule 60 relief . . . ." [Doc. 73, at 1.]

The Court disagrees for a number of reasons. First, to the extent Sedillo Gutierrez asserts that the District Court's handling of the § 2255 proceeding and claims was procedurally deficient, that there was error, or that he "did not get a fair shot" by having the Court decide the ineffective assistance of counsel claim he fully intended to present, that position is unsupported. Despite the Magistrate Judge's notation that the ineffective assistance of counsel claim against Pori was

7

withdrawn and needed no further consideration, the Court heard testimony from Attorney Pori at the evidentiary hearing, and made detailed and extensive findings about Pori's performance before the first trial, during plea negotiation efforts, and during the first trial. [Doc. 54, ¶¶ 44-54.] The Magistrate Judge expressly concluded that Sedillo Gutierrez did not demonstrate ineffective assistance of counsel by Pori in accordance with pertinent legal standards. [Doc. 54, at 21-25.] This Court adopted those findings and dismissed the § 2255 petition in its entirety. [Doc. 61.]

Indeed, in dismissing the appeal, the Tenth Circuit observed:

> In denying Defendant's habeas petition, the magistrate judge concluded, after conducting a full evidentiary hearing, that Defendant failed to show his ***attorneys'*** conduct fell below the objective standard of reasonableness required by *Strickland v. Washington*, 466 U.S. 668 (1984).

[Doc. 71-1, at 2] (emphasis added). Clearly, the Tenth Circuit noted the Magistrate Judge's analysis of Sedillo Gutierrez's ineffective assistance of counsel claims against ***both*** attorneys. Therefore, it cannot be said that the habeas proceeding lacked integrity due to the District Court's purported failure to consider the ineffective assistance of counsel claim against Pori. The claim was fully considered and denied.

Second, even if Sedillo Gutierrez could credibly argue that his claim against Pori was withdrawn and not fully addressed by the District Court, or that such withdrawal caused confusion or constituted procedural defect, the argument fails. It is true that Rule 41 requires a plaintiff's voluntarily dismissal of a claim or complaint to be in writing and signed. Fed.R.Civ.P. 41(a)(1)(A)(ii). Although there is discussion of a written and signed withdrawal of the claim against Pori, it is not part of the Court's docketing record.

In any event, any such argument of procedural defect cannot survive. A number of courts have rejected a rigid approach in requiring a written stipulation by all parties of withdrawal of a

claim and have liberally interpreted Rule 41(a)(1)(A)(ii) to hold that, "in the absence of a written stipulation signed by the parties and filed with the court, an oral stipulation *before the court* is sufficient to meet the requirements of Rule 41(a)(1)[A](ii)." Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995) (emphasis in original) (listing cases). The idea behind finding sufficient an oral stipulation in open court is that the presiding judge has the opportunity to ensure that both parties agreed to the dismissal, in accordance with the intent of Rule 41(a). Id.[5]

Such was the case here. In open court, Sedillo Gutierrez's attorney confirmed that his client had agreed to withdraw the ineffective assistance of counsel claims against Pori. Sedillo Gutierrez was present and had the opportunity to object, but did not do so. Nor did he object to the withdrawal in his written objections. Moreover, even if the failure to file a written stipulation of dismissal of the claim is considered an error in the habeas proceedings, the error is harmless here where the Magistrate Judge made findings and reached legal conclusions as to the claim that was purportedly withdrawn.

Another possibility, while not expressly articulated, is that Sedillo Gutierrez's contentions that he did not voluntarily agree to the withdrawal of the claim against Pori constitute an attempted claim of ineffective assistance of counsel directed to yet another attorney, his habeas counsel, Mr. Hannum. Indeed, Sedillo Gutierrez seems to find fault with every attorney who represented him in reference to the drug charges, pretrial investigation, trials, appeals, and collateral challenges. The Court concludes that such a claim, directed at Mr. Hannum, would also fail as it would amount to a "new claim."

---

[5] While decisions from other circuit courts are not binding authority, the Court finds the reasoning in these decisions persuasive as to this issue.

A pleading asserting a "new ground for relief" is a new claim and treated as a second or successive petition over which the Court lacks jurisdiction. The Court also concludes that, in essence, Sedillo Gutierrez, seeks relief from the conviction via the same ineffective assistance of counsel claims raised in his habeas petition that the Court already decided and dismissed. The claim does not constitute a true request for Rule 60(b) relief.

### B.     *Newly Discovered Evidence*

Sedillo Gutierrez argues that newly discovered evidence establishes that attorney Del Valle presented false testimony to the Magistrate Judge during the June 22, 2011 evidentiary hearing. [Doc. 73, at 1-2.] The new evidence at issue is a notarized, signed statement by Emiterio Peralta, stating he was willing to testify at the hearing on behalf of Sedillo Gutierrez but was never subpoenaed. [Doc. 73, at 26.] In Mr. Peralta's two paragraph statement, he sets forth some of the testimony he would have provided, indicating that he is a "good friend" of Sedillo Gutierrez's and that they have known each other for "many years." [Id.] Mr. Peralta provides that Sedillo Gutierrez called Peralta on the day of the hearing and told Mr. Peralta that Sedillo Gutierrez's attorney, Del Valle, testified that Peralta had seen Sedillo Gutierrez go into the property next to Peralta's to retrieve drugs. In his statement, Mr. Peralta urges that this is the "most outrageous lie I have heard." [Id.]

During the evidentiary hearing, the Magistrate Judge made extensive factual findings, including that both Sedillo Gutierrez's attorneys interviewed Mr. Peralta. The Court found that Del Valle initially believed Mr. Peralta would be a good witness for the defendant because Mr. Peralta could confirm that he had never seen Sedillo Gutierrez climb the fence that separated Peralta's property from the property/junkyard Sedillo Gutierrez was found to have entered where drugs were eventually located. [*See* Doc. 54 for a thorough review of underlying evidence.] Del

10

Valle testified, however, that during the interview, Mr. Peralta told Del Valle that he had seen Sedillo Gutierrez enter the junkyard on multiple occasions through a hole located on the east side of the fence. Thus, Del Valle determined that Mr. Peralta's testimony would have been detrimental to Sedillo Gutierrez's defense since Peralta's testimony would place Sedillo Gutierrez on the property in question where drugs were found on multiple occasions. Del Valle wisely elected not to call Mr. Peralta at trial. [Doc. 54, at ¶¶ 71-72.]

In analyzing the claim against Del Valle that he was ineffective for his failure to call Mr. Peralta to testify at trial, the Magistrate Judge concluded that Del Valle reasonably decided not to call Peralta and that he was not ineffective for failing to call a witness who would have "opened the door to harmful testimony regarding" the defendant. [Doc. 54, at 23-24.]

The Court concludes that Sedillo Gutierrez's "new evidence" from Mr. Peralta is not truly "new." Instead, it is a statement, signed by Peralta, that does not even coincide with the testimony given at the evidentiary hearing or the findings made by the Magistrate Judge. In other words, it amounts to little more than Sedillo Gutierrez's disagreement with the Magistrate Judge's findings.

The purported new evidence does not challenge a procedural ruling of the habeas court or challenge a defect in the integrity of the federal habeas proceeding. The Court concludes that this claim is nothing more than an attempt to "reassert a federal basis for relief from the underlying conviction" as it relates to Sedillo Gutierrez's ineffective assistance of counsel claim raised in the § 2255 proceeding. Put differently, the new evidence is an attempt to advance the merits of a claim that the District Court already considered and denied. The claim is treated as a second or successive habeas motion.

    **C.** *<u>Claims Not Addressed on the Merits</u>*

Sedillo Gutierrez also argues that he presented several additional claims in the habeas proceeding that were not addressed by the Magistrate Judge or the District Judge – 1) a cumulative error claim, and 2) "the merits of Movant's 'ineffective assistance of counsel' claim – regarding Del Valle's REFUSAL to allow Movant to testify on his own behalf at trial. . ." [Doc. 73, at 2, 6, 13-14, 15-17] (emphasis in original).

In support of the Sedillo Gutierrez's assertion that he raised an unaddressed claim of cumulative error, he cites to pages 6 and 38 of his habeas petition [Doc. 1]. [Doc. 73, at 13.] Sedillo Gutierrez's habeas petition clearly sets out two separate claims of ineffective assistance of counsel against both his trial attorneys, including multiple allegations of misconduct by his attorneys. On the cited pages of his habeas petition, Sedillo Gutierrez claims that the cumulative "impact" of "multiple deficiencies or errors" by his attorneys amounted to ineffective assistance of counsel.

Sedillo Gutierrez did not set out a claim of cumulative error, but rather he argues that the cumulative errors of counsel should be considered with respect to the ineffective assistance of counsel claim. *Compare* Brown v. Sirmons, 515 F.3d 1072, 1097 (10th Cir.) ("A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless.") (internal quotation marks omitted), *cert. denied,* 555 U.S. 948 (2008). *See also* Young v. Sirmons, 551 F.3d 942, 972 (10th Cir. 2008) ("[I]n the federal habeas context, cumulative error analysis applies only to cumulative constitutional errors."), *cert. denied,* 130 S.Ct. 272 (2009).

In this case, the Magistrate Judge, as already discussed above, thoroughly analyzed each of Sedillo Gutierrez's ineffective assistance of counsel claims, along with the supporting

12

allegations. The Court found no error by counsel, not even harmless error. *See* United States v. Kaufman, 2012 WL 2308720, at*4 (10th Cir. Jun. 19, 2012) (unpublished) (finding that because the court rejected all of the movant's individual claims of ineffective assistance of counsel, it could not hold that the cumulative effect of his counsel's conduct was nonetheless ineffective) (*citing* Bunton v. Atherton, 613 F.3d 973, 990 (10th Cir. 2010) (observing that "the cumulative error doctrine does not apply [w]here ... we have not found the existence of two or more actual errors")).

Here, the Court did not find any errors. Thus, Sedillo Gutierrez's attempt to characterize a cumulative error claim as a claim that was presented but not addressed must fail. The supposed cumulative error claim, as it relates to Sedillo Gutierrez's allegations of ineffective assistance of counsel, "leads inextricably to a merits-based attack on the disposition" of Sedillo Gutierrez's prior federal habeas petition. *See* Spitznas, 464 F.3d at 1216. In other words, the real issue is not that the Magistrate Judge and District Court failed to address the claim, but rather Sedillo Gutierrez's disagreement is with *how* the Court addressed the claim. Thus, the Court concludes this claim does not constitute a request for true Rule 60(b) relief and is a second or successive petition.

Sedillo Gutierrez's alleged second claim that went unaddressed by the Magistrate Judge and District Court meets a similar fate. Sedillo Gutierrez again isolates an allegation from a list in support of the ineffective assistance of counsel claim against Del Valle, arguing that the District Court did not consider it in the habeas proceeding. [Doc. 11, at 11.]

Sedillo Gutierrez asserted two separate claims for ineffective assistance of counsel. He listed multiple allegations under each claim, both in his motion and his "memorandum" or supplement, filed several months after his motion. [Docs. 1, 11.] The District Court considered

13

both pleadings, both claims and the many allegations, held a full evidentiary hearing, and denied the claims on the merits. Sedillo Gutierrez merely listed an allegation in his memorandum concerning a contention that he should have been permitted to testify at trial. [Doc. 11, at 11.] Moreover, any argument that the Court was required to make separate rulings on all sub-issues contained in a list of allegations is unpersuasive. *See, e.g.,* Kokins v. Teleflex, Inc., 621 F.3d 1290, 1301 n.6 (10th Cir. 2010) ("[W]e routinely have declined to consider arguments that are not raised or inadequately presented in an [] opening brief.") (internal quotation omitted); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) ("We do not consider merely including an issue within a list to be adequate briefing.") (citation omitted); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.")

The Court determines that Sedillo Gutierrez merely seeks to reargue the ineffective assistance of counsel claims already analyzed and rejected by the Court. The request for Rule 60(b) relief is nothing more than an attempt to reassert the ineffective assistance of counsel claim, and must be treated as a second or successive § 2255 motion.

    **D.**    *Fraud on Court*

Although not listed among the three bases for relief in the "preliminary statement" of the Rule 60-styled motion [Doc. 73, at 1-2], Sedillo Gutierrez devotes five or six pages of allegations concerning his "claim of 'fraud on the court.'" [Doc. 73, at 17-23.] He urges that Attorney Del Valle testified falsely at the evidentiary hearing on June 22, 2011 and that the false testimony constitutes a "fraud on the court." The presiding Magistrate Judge heard Sedillo Gutierrez's testimony as well as Del Valle's, and found Del Valle was a credible witness while Sedillo

Gutierrez was not. Credibility determinations are reserved for the fact finder. *See* United States v. Chavez, 862 F.2d 1436, 1438 (10th Cir. 1988) (factual findings based upon credibility of witnesses are special province of district court), *cert. denied,* 490 U.S. 1099 (1989).

Sedillo Gutierrez primarily analyzes what section of Rule 60 might be used to bring such a claim. He essentially re-argues the ineffective assistance of counsel claim against Del Valle already rejected by the Court. Thus, it is nothing more than a second or successive petition that attacks the merits of the disposition of the habeas proceeding. However, to the extent that the claim might be considered a "new claim," it still is treated as a second or successive petition over which the Court lacks jurisdiction.

The Court concludes that Sedillo Gutierrez's Rule 60(b)-styled motion is a disguised attack on the district court's resolution of the habeas claims on the merits and as such, is a second or successive petition over which the Court lacks jurisdiction.

### III.     Transfer or Dismissal

When a district court determines that a pleading is not a true Rule 60(b), as it has here, the court then decides whether to transfer the matter to the Tenth Circuit in the interest of justice. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*). Factors considered by the court in deciding whether a transfer to the circuit court is in the interest of justice include –

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

Id.

"A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." United States v. Lara-

Jimenez, 377 F. App'x 820, 822 (10th Cir. 2010) (unpublished).  Section 2255(h) provides that a second or successive motion must be certified to contain "newly discovered evidence that, if proven . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . ." or to contain "a new rule of constitutional law . . . that was previously unavailable."

      The Court concludes that Sedillo Gutierrez's second or successive motion was not filed in good faith where he essentially re-argues the ineffective assistance of counsel claims set forth in his habeas petition.  *See* In re Cline, 531 F.3d at 1251-52 (a transfer to the circuit is generally not in the interest of justice unless the claims are brought in good faith).  Sedillo Gutierrez's lack of good faith in bringing this motion is particularly evident here where the Magistrate Judge conducted a full evidentiary hearing on the claims and made extensive findings that were adopted by the District Court.  Moreover, Sedillo Gutierrez was denied relief on his appeal from the dismissal of his habeas petition.  He should have realized that the forum in which he filed his Rule 60(b)-styled motion was improper.  Thus, the motion is dismissed as a second or successive petition.

      IT IS THEREFORE ORDERED that Sedillo Gutierrez's "Motion for Relief from Judgment Filed Pursuant to Federal Rules of Civil Procedure Rule 60" [Doc. 73] is DISMISSED for lack of jurisdiction.

                                              */s/ Robert C. Brack*
                                          ROBERT C. BRACK
                                          UNITED STATES DISTRICT JUDGE